IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH LEE RISCH,

     Plaintiff,

   v.

TRACY TALLIER, WENDY NESS,
CONNIE ELBE, ERIC LOSEE,
MICHELLE HUBBARD, DENISE
SYMDOM, SHIRLEY STORANDT, and
REBECCA HER,

     Defendants.

OPINION AND ORDER

Case No.  19-cv-368-wmc

Plaintiff Kenneth Lee Risch brings this proposed civil action under 42 U.S.C. § 1983, claiming that the proceedings leading up to the revocation of his supervised release violated his constitutional rights.  He is seeking both monetary damages and various forms of injunctive relief.  Having been permitted to proceed *in forma pauperis*, Risch's complaint requires screening. 28 U.S.C. § 1915(e)(2).  Since Risch is seeking monetary damages for claims implicating the validity of his revocation proceeding, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and will be dismissed without prejudice.

ALLEGATIONS OF FACT[1]

Plaintiff Kenneth Risch names the following eight defendants, each of whom are probation agents or supervisors: Tracy Tallier, Wendy Ness, Connie Elbe, Eric Losee, Michelle Hubbard, Denise Symdom, Shirley Storandt and Rebecca Her.

---

[1]  In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  As reflected below, the court also supplements the allegations in the complaint with dates and information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov.  The court draws all

Risch claims that Tallier and Ness, who appear to be probation agents, wrongfully handled his supervision in a manner that led to an October 2, 2017, revocation hearing, as well as criminal charges to be filed against him on December 8, 2017, by falsifying reports, ignoring Wisconsin Department of Corrections policies, obstructing justice, completing non-consensual searches, and breaching confidentiality obligations.  He claims that Elbe, Losee, Hubbard, Symdom and Storandt, as supervisors, condoned these illegal activities even when Risch filed grievances about the wrongful conduct of the agents.  Finally, Risch claims that Rebecca Her failed to ensure the accuracy of the information she reviewed in allowing the revocation proceeding to go forward.

Publicly available records show that Risch's probation was revoked on November 9, 2017.  *State v. Risch*, No. 2014CF9 (Taylor Cnty. Nov. 9, 2017).  After multiple delays, Risch was re-sentenced on September 11, 2018, to five years of incarceration to be followed by seven years of extended supervision.  Risch sought postconviction relief, which was denied by the Wisconsin Court of Appeals on September 22, 2020.  *State v. Risch*, No. 2019AP2027-CR (Wis. Ct. App.).  Risch's petition for review with the Wisconsin Supreme Court was denied on January 22, 2021.

OPINION

Plaintiff seeks to proceed under § 1983 on a theory that defendants' handling of his probation and revocation violated his state and federal rights.  He is seeking monetary damages and a declaratory judgment.  However, plaintiff's ability to pursue his request for monetary

---

other allegations of fact from plaintiff's complaint and supplement, viewing the record in a light most favorable to plaintiff.  *See* Fed. R. Civ. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider them to determine whether plaintiff has stated a claim).

damages is circumscribed by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that for a plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87.  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  Risch's claims against all of the defendants challenge the validity of the revocation proceedings that occurred in 2017 and 2018.  Accordingly, Risch cannot pursue monetary damages in this action without first showing that he successfully challenged the validity of his criminal conviction through collateral post-conviction relief.  Since Risch has not made such a showing, the court is dismissing this lawsuit without prejudice.

## ORDER

IT IS ORDERED that:

1. Plaintiff Kenneth Risch is DENIED leave to proceed and this lawsuit is dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. The clerk of court is directed to close this case.

Entered this 17th day of November, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3